UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| MICIAH BLACK, | : | Case No. 1:23-cv-404 |
| Plaintiff, | : | |
| vs. | : | Judge Jeffery P. Hopkins |
| | : | Magistrate Judge Kimberly A. Jolson |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS, *et al.*, | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Miciah Black, a state prisoner proceeding *in forma pauperis* and without the assistance of counsel, has filed a Complaint concerning the loss of his personal property while in state custody. (Complaint, Doc. 1-1). The matter is before the Court for the required screening of the Complaint. The Undersigned **RECOMMENDS** that the Court **DISMISS** the Complaint.

**I.      Initial Screening Standard**

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis*, the Court is required to screen his Complaint. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and

evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

**II.     Parties and Claims**

Plaintiff Miciah Black is in the custody of the Ohio Department of Rehabilitation and Correction (ODRC) at Lebanon Correctional Institution (LeCI). (Doc. 1-1, PageID 13). He sues Correctional Officer Christopher Hartley, with whom he interacted on September 27, 2021. (*Id.*, PageID 11, 14–15). He may also sue the ODRC itself. (*Compare* Doc. 1-1, PageID 11 *with* PageID 14).

2

Plaintiff alleges that on September 27, 2021, Defendant Hartley took a bag of his personal belonging out of his hand after putting him in handcuffs. (Doc. 1-1, PageID 15). Plaintiff asserts that Defendant put the bag between the stairwell and the phone room on the range at LeCI. (*Id.*) Plaintiff never saw the bag or its contents again. He says that the bag contained all his personal possessions accumulated since 2010. (*Id.*) Plaintiff seeks $100,000 in damages for the emotional distress and mental anguish caused by losing these items, particularly photographs and/or items of sentimental value. (*Id.*, PageID 16).

The Undersigned reads Plaintiff's Complaint as raising a claim for the loss of personal property under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. *See Shuler v. Hall*, No. 3:18-cv-1223, 2019 WL 1777899, at *4 (M.D. Tenn. Apr. 23, 2019) ("Such a claim is properly advanced under the Due Process Clause of the Fourteenth Amendment, which protects against the unlawful taking of a person's property by public officers.").

### III. Discussion

The Complaint fails to state a claim on which relief may be granted. The Undersigned will recommend that it be dismissed for the following reasons.

**First**, the ODRC is not a proper defendant. "Section 1983 creates liability for 'persons' who deprive others of federal rights under color of law. Only a 'person' faces liability under the statute." *Hohenberg v. Shelby Cnty., Tenn.*, 68 F.4th 336 (6th Cir. 2023) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)). The ODRC is not a "person." *See Vizcarrondo v. Ohio Dep't of Rehab. & Corr.*, No. 1:18-cv-1255, 2019 WL 6251775, at *5 (N.D. Ohio Nov. 22, 2019) (noting "multiple courts have found that ODRC is not a 'person' subject to suit under 42 U.S.C. § 1983."); *Peeples v. Ohio Dep't of Rehab. & Corr.*, 64 F.3d 663 (6th Cir. 1995) (affirming the district court's dismissal of suit against the ODRC that held that "the ODRC is not a 'person'")

(unreported table case). Therefore, to the extent that Plaintiff sues the ODRC under § 1983, all claims against it should be dismissed.

**Second**, any claim for monetary damages against Defendant Hartley in his official capacity should be dismissed because it is barred by the Eleventh Amendment to the United States Constitution. *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018). "While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)) (cleaned up). Thus, "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 68 (1989)). To the extent that Defendant Hartley is sued in his official capacity, the claim against him is the same as a claim against the State of Ohio.

Claims for damages against the State of Ohio are barred by the Eleventh Amendment, which "denies to the federal courts authority to entertain a suit brought by private parties against a state without its consent." *Maben*, 887 F.3d at 270 (quoting *Ford Motor Co. v. Dep't of Treasury of Indiana*, 323 U.S. 459, 464 (1945)). "The [United States Supreme] Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Maben*, 887 F.3d. at 270, (quoting *Graham*, 473 U.S. at 169). Here, "because Ohio has not consented to suits in federal court nor has Congress abrogated Ohio's immunity under § 1983," the State of Ohio has immunity for claims against it. *Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020) (citing *Ohio v. Madeline Marie Nursing Homes # 1 & # 2*, 694 F.2d 449, 460 (6th Cir. 1984) and *Giles v. Univ. of Toledo*, 478 F. Supp. 2d

924, 960-61 (N.D. Ohio 2007)). This immunity "extends to state officials sued in their official capacity" for monetary damages, such as is pursued here. *Smith v. DeWine*, 476 F. Supp. 3d at 650–51. Accordingly, Plaintiff's claim for monetary damages against Defendant Hartley in his official capacity should be dismissed.

**Third**, as this Court warned in the Deficiency Order, Plaintiff has not adequately pled a claim for the loss of personal property because he has not alleged a required element of such a claim: that state remedies for the loss are inadequate or unavailable. The Deficiency Order said:

> [T]o state a plausible claim for the deprivation of personal property such a Plaintiff raises here, a complaint must specifically allege that state remedies are inadequate or unavailable:
>
>> The Supreme Court of the United States has held that a complaint alleging the negligent or intentional loss of personal property does not state a cognizable claim for relief under § 1983 where state law provides an adequate remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Thus, **a plaintiff "does not state a due process claim merely by alleging the deprivation of property."** *Darling v. Lake Cnty. Bd. of Comm'rs*, No. 1:12-cv-194, 2012 WL 1902602, at *17 (N.D. Ohio May 25, 2012) (citing *River City Capital, L.P. v. Bd. of Cnty. Com'rs, Clermont Cnty., Ohio*, 491 F.3d 301, 306 (6th Cir. 2007) (citing *Parratt*, 451 U.S. 527)). **A plaintiff must also plead "that state remedies for redressing the wrong are inadequate."** *Perdue v. Ohio Dep't of Corr.*, No. 1:13-cv-878, 2014 WL 661707, at *5 (S.D. Ohio Feb. 19, 2014). . . . State remedies in this context may include, among other things, "a judicial remedy in tort." *Pilgrim v. Littlefield*, 92 F.3d 413, 417 (6th Cir. 1996). And, "[s]tate tort remedies generally satisfy the postdeprivation process requirement of the Due Process Clauses." *Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999) (citing *Hudson*, 468 U.S. at 534-36).
>>
>> **Where a plaintiff "has not alleged any facts which indicate that the state post-deprivation remedies are inadequate or unavailable to redress the wrong," a property-deprivation claim like this one must be dismissed**. *Thompson v. Esham*, No. 1:15-cv-553, 2016 WL 692542, at *1 (S.D. Ohio Feb. 22, 2016) (citing *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995)); *Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985) (affirming dismissal of a § 1983 action brought by a prisoner alleging that his personal property

> was stolen from his cell while he was hospitalized, because "there is no cause of action . . . unless plaintiff pleads and proves that state remedies are inadequate.").
>
> *Fambro v. Blackwell*, No. 2:22-cv-1826, 2022 WL 2071794, at *3 (S.D. Ohio June 9, 2022), *report and recommendation adopted*, 2022 WL 2441253 (S.D. Ohio July 5, 2022) (dismissing complaint). **Plaintiff's Complaint here (Doc 1-1) does not allege that state remedies are inadequate or unavailable.**

(Deficiency Order, Doc. 2, PageID 24 fn. 1) (emphasis added here). Because Plaintiff's Complaint does plead this required element, the claim should be dismissed. *See Esham*, 2016 WL 692542, at *1 (dismissing claim for loss of personal property because "Plaintiff has not alleged any facts which indicate that the state post-deprivation remedies are inadequate or unavailable to redress the wrong."); *Mason v. Wal-Mart Corp.*, No. 2:14-cv-446, 2015 WL 1197916, at *10 (S.D. Ohio Mar. 16, 2015) (noting that "§ 1983 relief is available only where Plaintiff pleads and proves the inadequacy of state or administrative processes and remedies to redress alleged due process violations.") (cleaned up).

"A remedy for the deprivation of personal property is available in the Ohio Court of Claims." *Mason*, 2015 WL 1197916, at *10 (citing *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989)). Here, Plaintiff pursued such a claim. (*See* Doc. 1-1, PageID 12, 17). *See Miciah Black v. Ohio Department of Rehabilitation and Correction, et al.*, Ohio Court of Claims Case No. 2022-00090AD, available by name or case number search at https://portal-ohcoc.tylertech.cloud/Portal/Home/Dashboard/29 (accessed August 31, 2023). That court held against him. *Id*. The Ohio Court of Claims' substantive decision says that Plaintiff failed to prove his case where he alleged that Officer Hartley took his property, but a statement from the ODRC noted, after a review of prison videotape of September 27, 2021, that:

> You are viewed on video at approximately 1:46PM placing a garbage bag in between the first range stair and the phone room area, which you leave unattended out of plain view. You then go up stairs to the second range, without the property, once again that was left unattended on the first range. According to Officer Hartley,

6

> you went out of place to retrieve property that you had left with another offender when you had gone to Restrictive Housing. At approximately 1:47PM you come down the stairs drop the bag, assisted by Officer C. Hartley and you are handcuffed by the Officers with a Supervisor present. Your property sits in the corner between the first range steps and the first range phone room out of staffs sight until 11:21 PM. The trash porter enters and takes all bags of trash out of the block to the Mud Room to be discarded.

Memorandum Decision, Page 3 (Nov. 29, 2022).

This state remedy was clearly available to Plaintiff. He does not allege any reason, and no reason is apparent to the Undersigned, why this remedy would be considered inadequate. *Cf. Lillie v. Egelhoff*, 238 F.3d 422 (6th Cir. 2000) (holding that the plaintiff "has an adequate remedy under Ohio law by filing a civil action in the Ohio Court of Claims" to address his property-deprivation issue). Plaintiff's lack of success with that remedy does not demonstrate that it was inadequate. *See Rister v. Wisely*, No. 3:12-cv-725, 2013 WL 2251108, at *3 (N.D. Ohio May 22, 2013) (where plaintiff "filed a lawsuit based on these same facts in the Ohio Court of Claims" that was dismissed on the merits, the court "held that the state remedy was not inadequate to redress the deprivation just because Plaintiff did not receive a favorable judgment in the case.").

For all these reasons, Plaintiff's Complaint fails to state a claim on which relief may be granted in this action.

**IV.**     **Conclusion**

The Undersigned **RECOMMENDS** that the Court **DISMISS** the Complaint in this case in its entirety. 28 U.S.C. §§ 1915A(b) and § 1915(e)(2). The Undersigned further **RECOMMENDS** that the Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that, for the reasons discussed above, an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

7

Plaintiff may file objections to this Report and Recommendation as discussed next. He is **ADVISED** that he must keep this Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

## V. Notice Regarding Objections to this Report and Recommendation

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date: September 1, 2023  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE